UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHITAT NG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. RUSSELL, et al.,<br><br>　　　　Defendants. | Case No. 18-CV-00763 LHK (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br><br>Re: Dkt. No. 28 |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint under 42 U.S.C. § 1983 against officials at San Quentin State Prison ("SQSP"). Plaintiff paid the required filing fee. On August 8, 2018, the court dismissed the complaint in part and ordered plaintiff to serve defendants. Dkt. No. 7. Thereafter, plaintiff moved to be appointed counsel. Dkt. No. 14. Plaintiff argued that he has limited knowledge of the law and of English, that he has "physical and mental/emotional injuries," that his ability to research his case is impeded by lockdowns in prison, and that his case is particularly complicated. *See id.* The Court found that plaintiff had not shown exceptional circumstances and denied plaintiff's motion for appointment of counsel. Dkt No. 16.

Case No. 18-CV-00763 LHK (PR)
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff now makes a second request for appointment of counsel. Dkt. No. 28. Plaintiff's instant motion repeats many of the same arguments from his first motion.

For example, plaintiff reiterates the need for legal assistance to advise and litigate complex issues. *Id.* at 1-3. However, neither the need for discovery, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualifies the issues involved as complex. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (where plaintiff's pursuit of discovery was comprehensive and focused, and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (that plaintiff may well have fared better with assistance of counsel not enough).

Second, plaintiff explains that his "mental/emotional injuries" consist of PTSD, depression, anxiety, and flashbacks that "adversely impact[] his ability to engage and litigate in effective discovery." Dkt. No. 28 at 2. However, plaintiff does not argue that these injuries render him unable to so engage and litigate. Nor does plaintiff argue that he is not competent to prosecute his lawsuit. *Cf. Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (explaining a district court's role in protecting an incompetent person's interest in prosecuting or defending a lawsuit under Fed. R. Civ. P. 17(c)). Plaintiff's more specific explanation of his injuries does not change the Court's conclusion.

Finally, plaintiff states that he has been "prejudiced by the denial of his previous 'Motion to Appoint Counsel' because the Court has not examined and addressed plaintiff's personal ability to litigate the cases versus the ability of his prisoner legal assistance." Dkt. No. 28 at 3. Plaintiff has provided the Declaration of Robert Frazier, *id.* at 22-23, indicating that Mr. Frazier has been the drafter of all pleadings filed by plaintiff to date and that, due to Mr. Frazier's being moved to another part of the institution, he is no longer able to assist plaintiff. *Id.* at 23. However, a similar argument was raised and rejected in plaintiff's first motion for appointment of counsel. There, plaintiff stated that he "ha[d] been relying on 'help from those more knowledgeable than'"

Case No. 18-CV-00763 LHK (PR)
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

plaintiff, but that "even seemingly knowledgeable legal-prisoner assistance can often be unavailable or inaccessible when needed." Dkt. No. 14 at 1. Thus, the Court has already considered, and found unpersuasive, the fact that plaintiff may not always have access to a "jailhouse lawyer." The loss of Mr. Frazier's assistance does not change the Court's analysis. The Ninth Circuit has held that a litigant does not have a right to the assistance of any "jailhouse lawyer," much less a specific inmate. *See Storseth v. Spellman*, 654 F.2d 1349, 1354 (9th Cir. 1981) (holding that, because an inmate had adequate access to the court "through other avenues" such as a law library, he did not have "a right to inmate assistance in general or to [a specific inmate's] assistance in particular").

None of the reasons provided by Plaintiff for seeking the assistance of counsel distinguish him from other similarly situated *pro se* incarcerated plaintiffs.

Plaintiff's motion is **DENIED** without prejudice for lack of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn*, 789 F.2d at 1331 (9th Cir. 1986).

This order terminates docket number 28.

**IT IS SO ORDERED.**

DATED: 4/5/2019

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-00763 LHK (PR)
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL