UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHITAT NG,<br>   Plaintiff,<br>v.<br>J. RUSSELL, et al.,<br>   Defendants. | Case No. 18-cv-00763-WHO (PR)<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Dkt. No. 107 |

Plaintiff Ng has filed a motion to disqualify me from presiding over his suit. He makes no specific allegations against me, but rather declares in a conclusory fashion that "this judge has demonstrated biased [*sic*] against Plaintiff" and asks that "this case be reassigned to another judge in the interest of justice." (Mot. to Disqualify, Dkt. No. 107 at 1.)

Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a section 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally

1  sufficient, however, the judge at whom the motion is directed may determine the matter.
2  *See id.* at 868 (holding judge challenged under section 144 properly heard and denied
3  motion where affidavit not legally sufficient).

4  The substantive test for personal bias or prejudice is identical under sections 144
5  and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is
6  appropriate where "a reasonable person with knowledge of all the facts would conclude
7  that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*,
8  987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed
9  under section 144 will raise a question concerning recusal under sections 455(a) and (b)(1)
10  as well. *Sibla*, 624 F.2d at 867.

11  Ng's motion to disqualify me is DENIED. His conclusory allegations fail to
12  provide any fact or reason on which a reasonable person would conclude that my
13  impartiality might reasonably be questioned, or that otherwise indicate any bias or
14  prejudice.

15  The Clerk shall terminate all pending motions.

16  **IT IS SO ORDERED.**

17  **Dated:** July 13, 2022



WILLIAM H. ORRICK
United States District Judge

2